
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
CHARLES SCHWAB & CO., INC., a    )
corporation,                     )
                                 )   2:06-cv-2905-GEB-GGH
              Plaintiff,         )
                                 )   ORDER*
     v.                          )
                                 )
JEANNE WAGAMAN, TRACY NELSON,    )
SARAH NELSON WACKER, SCOTT NELSON,)
DANIEL CAMACHO, CHAD CAMACHO,    )
OPHIR-BEAR MOUNTAIN LODGE # 33,  )
JANICE M. HAMMOND, WANDA JOYCE   )
TAKARA, and JERRI CURRY,         )
                                 )
              Defendants.        )
_____)
                                 )
AND RELATED CLAIMS.              )
_____)
```

Plaintiff moves to strike Defendant Jerri Curry's ("Curry") amended Answer and counterclaims to Plaintiff's First Amended Verified Complaint for Interpleader or, in the alternative, for dismissal of Curry's amended counterclaims on the grounds that they are subject to mandatory arbitration. Curry opposes this motion.

---

\* This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

1    Plaintiff also moves for a court order authorizing deposit
2 of the assets of the account at issue in the court registry, an order
3 discharging Plaintiff from liability, and an award of attorney's fees
4 and costs. (<u>See generally</u> Pl.'s Mot. for an Order (1) Authorizing
5 Deposit into Court, (2) Discharging Plaintiff Stakeholder from
6 Liability, and (3) Awarding Attorney's Fees and Costs to Plaintiff
7 (Doc. No. 30) ("Mot. for Discharge").) Defendants Janice M. Hammond
8 ("Hammond") and Curry oppose this motion.[2]

## BACKGROUND

10   Plaintiff currently maintains Account No. 2236-4399 ("the
11 Account") in the name of Virginia C. Durrie ("Durrie"). (First Am.
12 Verified Compl. (Doc. No. 25) ("Compl.") ¶ 16.) Durrie passed away in
13 November 2006. (<u>Id.</u> ¶ 17.) As of November 30, 2006, the Account
14 contained assets with a market value of approximately $650,000,
15 comprised of both cash and securities. (<u>Id.</u> ¶ 18.)

16   Plaintiff filed this interpleader action alleging that there
17 are at least four potentially conflicting claims to the assets in the
18 Account.[3] (<u>Id.</u> ¶ 19.) The first of these involves the Designated
19 Beneficiary Plan, a feature that Durrie added to the Account in April

---

[2] On March 30, 2007, Curry filed a "Declaration in Response to Issues Raised in Plaintiff's Complaint and [the subject] Motion." (<u>See</u> Curry Decl. (Doc. No. 39) (hereinafter, "Curry Opp'n to Mot. for Discharge.").) Although this document was referenced as a declaration, it was signed by the purported declarant's attorney. Accordingly, the document is not a declaration and the statements contained therein are treated as arguments in opposition to Plaintiff's motion.

[3] The court has jurisdiction pursuant to 28 U.S.C. § 1335. The "stake" that is the subject of the competing claims is under Plaintiff's control and is valued at more than $500; Plaintiff has established four sets of potential conflicting claimants who are both adverse to and independent of one another, and who may assert competing claims to the Account; minimal diversity exists between at least two claimants in this action; and venue is proper. (<u>See generally</u> Compl.)

2005.  (Id. ¶ 20.)  By its terms, Durrie designated three beneficiaries (Defendants Curry, Hammond, and Wanda Joyce Takara ("Takara")) to whom she intended the assets in the Account to be distributed in equal parts upon her death.  (Id.)

The second potential conflicting claim to the Account is Curry's claim that Durrie named her a joint tenant with a right of survivorship in the Account and that she is entitled to exercise unilateral control over the assets of the Account.[4]  (Id. ¶ 21.)  The third potential conflicting claim to the Account is the "Last Will and Testament of Virginia C. Durrie" executed by Durrie on February 3, 2005 in which Durrie left her entire estate (with the exception of her mobile home) to her children, Curry, Hammond, and Takara, in equal parts.  (Id. ¶ 22.)  Plaintiff believes that the assets in the Account may be property Durrie intended to dispose of by will.  (Id.)

The fourth and final potential conflicting claim to the Account is the "Harry M. Durrie and Virginia C. Durrie Revocable Trust" executed in 1998.  (Id. ¶ 23.)  Plaintiff argues that stocks and securities owned by Harry and Virginia Durrie are subject to the trust and therefore this could include assets in the Account.  (Id.)  Further, Plaintiff alleges that the trust provides that if Durrie does not effectively distribute the trust assets by will, then those assets will become part of a "Disclaimer Trust."  (Id.)  The beneficiaries of the Disclaimer Trust are Defendants Curry, Hammond, Takara, Jeanne Wagaman ("Wagaman"), Tracy Nelson, Sarah Nelson Wacker, Scott Nelson,

---

[4] In her Answer, Curry denies that she is entitled to exercise unilateral control over the assets in the Account but admits that Durrie named her a joint tenant with a right of survivorship in the Account. (See Curry's Am. Answer (Doc. No. 57) ¶ 5.)

Daniel Camacho, Chad Camacho, and Ophir-Bear Mountain Lodge # 33 ("Ophir").  (Id.)

Plaintiff contends that it cannot resolve the potential conflicting claims outlined above and therefore cannot determine how and to whom the Account assets should be distributed.  (Id. ¶ 25.) Plaintiff claims no interest in the proceeds of the Account.  (Id. ¶ 26.)  Plaintiff has already deposited with the registry of this Court $500 from the cash portion of the assets in this Account.  (Id. ¶ 27.)

I. Motion to Strike or Dismiss Curry's Counterclaims

Plaintiff seeks dismissal of Curry's counterclaims on the grounds that they are subject to mandatory arbitration.  (Pl.'s Mot. to Strike Am. Answer or, Alternatively, to Dismiss (Doc. No. 62) at 6.)  Curry concedes that some of her counterclaims are subject to arbitration but requests that the court stay Plaintiff's motion pending arbitration of those counterclaims.  (Curry Opp'n (Doc. No. 75) at 3.)  Specifically, Curry argues that "[t]he contract under which arbitration is required [does not] include resolution of [the following counterclaims:] fraud [], elder abuse [,] and punitive damage[s]."  (Id.)  Plaintiff counters "[n]othing in [the language of the parties' arbitration agreement] can be read to exempt [claims of] fraud [], elder abuse [], or [those] for which punitive damages are a permissible remedy."  (Reply to Curry Opp'n (Doc. No. 82) at 8.)

Curry has not shown that her counterclaims are exempt from arbitration.  The parties' arbitration agreement provides that they "agree to settle by arbitration *any* controversy between [them], or in any way arising from [their] relationship . . . , *including any controversy over the arbitrability of a dispute*."  (Curry's Am.

4

Answer, Ex. 1 at 5 (emphasis added)).  The broad wording of the agreement does not exclude any claims arising from the parties' relationship.  Further, the agreement also provides that "arbitration is final and binding on the parties" and that the parties waive "their right to seek remedies in court."  (Id.)

Accordingly, Plaintiff's motion to dismiss Curry's counterclaims is granted since they are subject to mandatory arbitration.[5]  See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004)  (affirming the district court's decision to dismiss "plaintiffs' claims that were subject to arbitration pursuant to Fed. R. Civ. P. 12(b)(6).").

II. Interpleader

Plaintiff moves for a determination of the correct disposition of the assets in the Account and for an order granting Plaintiff permission to deposit the assets of the Account with the court registry; enjoining Defendants from instituting other actions affecting the assets of the Account; dismissing Plaintiff from this case; and an award of attorney's fees.

A. Deposit in Court

Pursuant to 28 U.S.C. § 1335, Plaintiff is required to "deposit[] such money or property [to which the adverse claimants may claim entitlement] into the registry of the court, there to abide the judgment of the court."  Curry opposes Plaintiff's request to make such a deposit, arguing that the liquidation of the Account may result in potential loss to its value.  (Curry Opp'n to Mot. for Discharge ¶ 2(x).)  Plaintiff counters that "[a]s a matter of statute, and as a

---

[5] Because of this ruling, Plaintiff's motion to strike need not be reached.

5

matter of contract, [it] has no obligation to maintain the Account indefinitely as the various claimants attempt to resolve their differences in this action." (Reply to Curry Opp'n to Mot. for Discharge at 3.) Curry has not shown why or how her preference to maintain the Account in the market supersedes Plaintiff's statutory right to deposit the assets into the court registry. (See 28 U.S.C. § 1335.) Accordingly, Plaintiff's request "for an order authorizing Plaintiff to liquidate the securities in [the Account], and subsequently, deposit all of the account assets into the court registry" is granted. (Mot. for Discharge at 8.) Plaintiff has until 4:00 p.m. on September 7, 2007 to make this deposit with the court registry.

### B. Injunction and Discharge

Pursuant to 28 U.S.C. § 2361, "[i]n any civil action of interpleader . . . under [§] 1335 [], a district court may [] enter [an] order restraining [Defendants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court [] and may discharge the [P]laintiff from further liability." See Life Ins. Co. of N. Am. v. Thorngren, 2003 WL 22227881, at *2 (N.D. Cal. Sept. 22, 2003) ("'If an interpleading [P]laintiff has no interest in the stake he should be dismissed.'") (internal citations omitted). Accordingly, Defendants are permanently enjoined from instituting other actions regarding entitlement to the Account assets until further order of the court and

1 since Plaintiff is a disinterested stakeholder with no interest in the
2 Account assets, it is dismissed.[6]

### C. Attorney's Fees

Plaintiff also seeks an award of attorney's fees and costs in the amount of $14,998, which represent the fees and costs incurred in filing the complaint for interpleader and bringing this motion. (See Am. Decl. of Kenneth C. Mennemeier in Supp. of Mot. for Discharge (Doc. No. 31) ("Mennemeier Decl.") ¶¶ 5-6.)  Hammond and Curry oppose Plaintiff's motion for attorney's fees and costs.

Hammond argues that "to the extent that fees and costs are sought . . . on a contractual theory arising from the Designated Beneficiary Plan [] any liability that may arise out of [this plan] was due to [P]laintiff's inept handling of decedent's estate." (Hammond Opp'n at 3.)  Hammond further contends that "[t]o the extent that fees and costs are sought on an equitable theory, [this] action was unnecessary and [] the fees and costs are outrageous and therefore inequitable." (Id.)

Hammond's conclusory statements are insufficient to defeat Plaintiff's motion for attorney's fees and costs.  Plaintiff is

---

[6] Curry argues that Plaintiff's entire interpleader action "was unnecessary in light of the fact that [P]laintiff was aware of the pending state court petition to determine who should administer the [Account] assets" and "requests that the court dismiss the federal action so the state court may properly adjudicate the issues raised in plaintiff's complaint." (Curry Opp'n to Mot. for Discharge ¶¶ 2(w), 3.) However, Curry's argument is moot since she subsequently declared that "[n]o proceeding is now pending in California for administration of Virginia C. Durrie's estate." (See Curry's Decl. as Successor in Interest Pursuant to C.C.P. § 377.32 (Doc. No. 58) ¶ 4.); see also In re: Harry M. Durrie and Virginia C. Durrie Revocable Trust, No. PR77787 (Cal. Super. Ct., San Joaquin County), available at http://www.stocktoncourt.org/stkcrtwwwV5web/SCRegAct1 (stating that the petition was withdrawn).)

1  entitled to fees and costs since Mrs. Durrie agreed to such terms in
2  her application to add the Designated Beneficiary Plan feature to the
3  Account. (See Ex. A to Compl at 4.) Further, courts have discretion
4  to award attorney's fees and costs to a disinterested stakeholder in
5  an interpleader action. Abex Corp. v. Ski's Enters., Inc., 748 F.2d
6  513, 516 (9th Cir. 1984); Gelfgren v. Republic Nat'l Life Ins. Co.,
7  680 F.2d 79, 81 (9th Cir. 1982). Hammond has not shown how Plaintiff
8  mishandled Durrie's estates nor how this interpleader action was
9  unnecessary given the multiple and potential conflicting claims to the
10 assets of the Account. Finally, Hammond has not shown which fees and
11 costs submitted by Plaintiff are "outrageous" in light of the detailed
12 declaration Plaintiff's counsel submitted setting forth the specific
13 costs and fees he incurred in relation to this motion. (See
14 Mennemeier Decl. ¶¶ 5-6.)

15       In Curry's opposition, she argues that Plaintiff was
16 responsible for creating the current competing claims to the assets of
17 the Account. (See Curry Opp'n to Mot. for Discharge ¶ 2.) If a
18 stakeholder in an interpleader action has been dilatory or acted in
19 bad faith, attorney's fees and costs should not be awarded in its
20 favor. Gelfgren, 680 F.2d at 81. However, Curry's arguments
21 concerning attorney's fees are unsupported by a sworn factual showing.
22 Accordingly, the court grants Plaintiff's request for an award of
23 attorney's fees and costs in the amount of $14,998.

## CONCLUSION

25       For the reasons stated, Plaintiff's motion to dismiss
26 Curry's counterclaims and its motion to authorize deposit of the
27 Account's assets into the court registry, discharge Plaintiff from
28

1 | liability, and award Plaintiff attorney's fees and costs, are both
2 | granted.
3 |
4 | IT IS SO ORDERED.
5 | Dated:  August 31, 2007

GARLAND E. BURRELL, JR.
United States District Judge