IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SCHWAB & CO., INC., a corporation,<br><br>　　　　v.<br><br>JEANNE WAGAMAN; TRACY NELSON; SARAH NELSON WACKER; SCOTT NELSON; DANIEL CAMACHO; CHAD CAMACHO; OPHIR-BEAR MOUNTAIN LODGE # 33; JANICE M. HAMMOND; WANDA JOYCE TAKARA; and JERRI CURRY,<br><br>　　　　　　　Defendants.<br><br>AND RELATED CLAIMS. | 2:06-cv-2905-GEB-GGH<br><br>ORDER |

　　　　Defendant Jerri Curry ("Curry") moves "the court to file the final income tax returns for [d]ecedent, Virginia C. Durrie ("Durrie"), or to appoint a neutral person to so file, and to have the necessary taxes due and related preparation expenses [paid] from the funds currently held in the court's registry."  Defendants Wanda Joyce Takara ("Takara") and Janice M. Hammond have filed statements of non-opposition to Curry's motion.  The remaining Defendants have not responded to the motion.

1         This is an interpleader action in which Plaintiff alleges
2 that there are four potentially conflicting claims to the assets in a
3 Charles Schwab account ("the Account"), owned by Durrie, who died on
4 November 10, 2006.  (Mot. at 3; First Am. Verified Compl. ¶ 19.)
5 Plaintiff liquidated the securities in the Account and delivered the
6 assets to the Clerk of the Court in this district for deposit into the
7 Court's registry.  (Order of Sept. 4, 2007 at 6:7-10; Pl.'s Not. of
8 Compliance with Court Order.)
9         26 U.S.C. § 6012(b)(1) prescribes: "If an individual is
10 deceased, the return of such individual . . . shall be made by h[er]
11 executory, administrator, or other person charged with the property of
12 such decedent."  Curry argues that "[a]s there is no personal
13 representative or probate case pending, and the entirety of the estate
14 assets are currently being held in the Court's registry, [there is no
15 executory or administrator for Durrie and] the Court appears to be the
16 'person charged with the decedent's property,' who is designated with
17 the responsibility of filing Decedent's final income tax returns under
18 26 U.S.C.A. § 6012(b)(1)."  (Mot. at 4:12-15.)  This bare argument is
19 insufficient to justify having the Court file the decedent's tax
20 returns.  Therefore, this portion of the motion is denied.
21         Curry declares that she directed H & R Block to prepare the
22 final income tax returns of the decedent, but Curry did not sign and
23 file the tax returns because she does not believe she has legal
24 authority to do so.  (Def.'s Decl. at 2, 3.) No party has disputed the
25 propriety of filing the referenced income tax returns.  The only issue
26 is who should file the returns.  This matter, however, is not
27 adequately addressed in the motion.  Therefore, the hearing on this
28 motion is moved to February 11, 2008, at 9:00 a.m.

2

1　　　　　　Prior to the hearing, the parties should discuss whether
2  Curry or another specific individual or entity should be appointed
3  administrator of decedent's estate for the limited purpose of filing
4  the decedent's final tax returns.  Five days before the hearing, Curry
5  shall file a proposed Order reflecting the parties' agreement reached
6  and detailing the exact amounts the Clerk of the Court should withdraw
7  from the Court's registry (Durrie's Account funds), the payee, and the
8  purpose for the payment (If agreement is reached on appointing a
9  limited tax return administrator, that person could be directed to
10 provide the tax return in an addressed and stamped envelope(s) to the
11 Clerk of the Court into which the check could be placed and then
12 mailed to the addressee(s) by the Clerk of Court).  If agreement
13 cannot be reached, each party shall state his or her respective
14 position in a filing due five days before the February 11, 2008
15 hearing.
16　　　　　　IT IS SO ORDERED.
17 Dated:  January 23, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge