UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SCHWAB & CO., INC., a corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>JEANNE WAGAMAN; TRACY NELSON; SARAH NELSON WACKER; SCOTT NELSON; DANIEL CAMACHO; CHAD CAMACHO; OPHIR-BEAR MOUNTAIN LODGE #33; JANICE M. HAMMOND; WANDA JOYCE TAKARA, and JERRI CURRY,<br><br>        Defendants. | 2:06-cv-02905-GEB-GGH<br><br><u>DISTRIBUTION ORDER</u> |

        Pursuant to Defendants' stipulation filed June 19, 2008, which Defendants clarified in another stipulation filed on July 17, 2008, the interplead funds shall be distributed as stated in paragraphs 4 through 14 of the June 19 Stipulation, and the clarification contained in or indicated by the parties' July 17th filing as follows.

1      An initial distribution shall be made according to
2 paragraphs 4 through 14 of the June 19 Stipulation.  *The remaining*
3 *assets to be withheld under paragraph 15 of the July 17*
4 *Stipulation for payment to Jerri Curry for expenses on behalf of*
5 *the Virginia Durrie Estate is in excess of the payment Jerri Curry*
6 *receives under paragraph 4 of the June 19 Stipulation.*  Paragraph
7 15 of the June 19 Stipulation directs that the "remaining three
8 percent (3%)" be retained for the payment of tax penalties,
9 collection and probate fees, interest accruing from the expenses
10 payable by the Virginia Durrie Estate, and court costs, and is
11 intended to be treated as a contingency fund ("Contingency Fund").
12 However, once the parties' agreed upon initial disbursements are
13 made, only 1.75% of the funds remain.  Accordingly, this Order
14 clarifies that 1.75% shall be retained as the Contingency Fund.

15      Paragraph 2 of the July 17 Stipulation repeats the
16 Court's request for clarification: "*What is the latest date on*
17 *which Jerri Curry is required to submit an itemized declaration*
18 *for a paragraph 15 disbursement after which any balance remaining,*
19 *including accrued interest (minus court fees) 'will be divided*
20 *among the defendants in the . . . agreed upon percentages' stated*
21 *in the Stipulation?*"  (July 17, 2008 Stipulation at 2:15-18.)
22 However, the parties do not address accrued interest directly, but
23 do reference that "[a]ny and all court costs should be taken from
24 [the Contingency] fund before reimbursement [to Curry]."  (July
25 17, 2008 Stipulation at 3:4-5.)  Therefore, the court makes the
26 following clarification.  Accrued interest shall not be disbursed
27 initially and is not part of the Contingency Fund.  Sixty days
28 after the initial distribution, this Court's Clerk's Office will

1  take its fee from the accrued interest and the remaining interest
2  shall be distributed according to the percentages in paragraphs 5
3  through 14 of the June 19 Stipulation.  Since the above
4  clarifications have been provided by the Court, no initial
5  distribution shall be made until 14 days after this Order is
6  filed.  This delay is intended to provide any party having an
7  objection to this clarification time to file an objection.  If no
8  objection is filed within this time period, the distribution of
9  funds will be made as stated in this Order.
10         The Contingency Fund shall be held by the court for
11 sixty (60) days following the date on which the initial
12 distribution is made.  Thereafter 97% of the balance of the
13 Contingency Fund shall be distributed according to the percentages
14 in paragraphs 5 through 14 of the June 19 Stipulation.
15         The balance remaining in the Contingency Fund after the
16 distribution of 97% of the balance shall be distributed to Jerri
17 Curry.
18         *If Jerri Curry submits a disbursement request under*
19 *paragraph 15 of the June 19 Stipulation that exceeds the 1.75%*
20 *disbursement amount allocated under Paragraph 15, Jerri Curry*
21 *waives any and all reimbursement which cannot be satisfied by the*
22 *Contingency Fund.*
23         Pursuant to Local Rule 17-202 and California Probate
24 Code Section 3413, the funds for Chad Camacho shall be placed in a
25 blocked account at the institution of his guardian *ad litem*,
26 Kathleen Springer's selection:  Wachovia Institute, 350 Castro
27 Valley Blvd, Castro Valley, California, in an 18 month certificate
28 of deposit, subject to withdrawal only upon authorization of this

1 | court or withdrawal by Chad Camacho, on or after his eighteenth
2 | birthday which is February 7, 2012. Guardian *Ad Litem*, Kathleen
3 | Springer, may select a reinvestment option after the 18-month CD
4 | has matured. The Guardian *Ad Litem* may apply to this court, upon
5 | declaration, to withdraw interest accrued on said certificate of
6 | deposit to pay income taxes payable and accrued on the account.
7 |     IT IS SO ORDERED.
8 | Dated: July 23, 2008

```
_____
GARLAND E. BURRELL, JR.
United States District Judge
```