IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SCHWAB & CO., INC., a corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WAGAMAN; TRACY NELSON; SARAH NELSON WACKER; SCOTT NELSON; DANIEL CAMACHO; CHAD CAMACHO; OPHIR-BEAR MOUNTAIN LODGE #33; JANICE M. HAMMON; WANDA JOYCE TAKARA, and JERRI CURRY<br><br>　　　　Defendants. | 2:06-cv-2905-GEB-GGH<br><br><br><br>ORDER[1] |

On August 12, 2008, Plaintiff filed a motion to enforce this court's interpleader discharge Order filed September 4, 2007 ("September 4 Order").[2]  Schwab argues that despite the discharge Order "Defendant Jerri Curry ("Curry") continues to pursue an arbitration claim that seeks to hold Schwab to the very liability from which it has been discharged."  (Pl. Mot. at 1:26 and 2:1-2.)  Schwab argues that the September 4 Order prevents Curry from using

---

[1] This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

[2] Schwab's motion states "it seeks an order enforcing the Court's Order of August 31, 2007 (Docket No. 85)," but the subject Order was filed on September 4, 2007; it was signed on August 31, 2007.

1

arbitration "to circumvent the permanent injunction and discharge" prescribed in the September 4 Order. (<u>Id</u>. at 2:8-9.) Curry counters that Schwab misinterprets the September 4 Order, arguing the Order "stated it was dismissing the counterclaim because... Curry's complaints against Schwab ... were subject to mandatory arbitration." (D. Opp'n at 4:11-12.)

The September 4 Order contains a ruling on Schwab's motion filed on June 4, 2007, in which Schwab sought to strike Curry's counterclaims, or in the alternative to have the counterclaims dismissed "on the grounds that they are subject to mandatory arbitration." (Pl. Mot. to Strike (docket 62) at 6:11-13.) The dismissal portion of that motion was granted in the September 4 Order. (September 4 Order at 5:6-8.)

Therefore, the September 4 Order did not absolve Schwab from having to arbitrate Curry's dismissed counterclaims, since Schwab requested dismissal of those claims because they were subject to mandatory arbitration. Since Schwab has not shown that what Curry seeks in arbitration circumvents the permanent injunction and discharge in the September 4 Order, its motion is denied.

IT IS SO ORDERED.

Dated: September 18, 2008

GARLAND E. BURRELL, JR.
United States District Judge